Ethan A. Glaubiger, California State Bar #157485
**LAW OFFICES OF ETHAN A. GLAUBIGER**
740 Fourth Street, 2nd Floor
Santa Rosa, California 95404
(707) 578-4505

Attorney for Plaintiffs
LEAH ANN HERNANDEZ
and JOSE RAMON HERNANDEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH ANN HERNANDEZ and JOSE RAMON HERNANDEZ,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>QBE INSURANCE CORPORATION, QBE AMERICAS, INC., and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No: 3:17-cv-02577<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO EXCHANGE INFORMATION AND FILE AMENDED COMPLAINT** |

　　　Come now, Plaintiffs LEAH ANN HERNANDEZ and JOSE RAMON HERNANDEZ ("Hernandez") and defendants QBE PRAETORIAN INSURANCE CORPORATION AND QBE AMERICAS, INC. ("QBE") and stipulate as follows.

　　　On July 13, 2017, the parties appeared before the court on QBE's Motion to Dismiss and Motion to Strike. The court granted Defendants' Motion to Dismiss with 60 days leave to amend and deemed moot the Motion to Strike. The court also ordered the parties to meet and confer to review policy and documents thoroughly before Plaintiffs filed an amended complaint, which was due by September 11, 2017. Lastly, the court reset the Case Management Conference ("CMC") from August 31, 2017 to October 26, 2017 and ordered the parties to file a joint CMC statement by October 19, 2017.

1

On August 7, 2017 counsel began their meet and confer. The parties agreed to exchange identified documents. Among other things, Plaintiff agreed to produce files from their lender, Umpqua Bank ("Umpqua"). On August 9, 2017, defense counsel confirmed the agreement by email and asked Plaintiffs' counsel to contact him to finalize details of the document exchange.

In reviewing the files in Hernandez's counsel's possession, plaintiffs' counsel realized that, although, in 2016, a request was made to Umpqua for its records, Umpqua never responded. On September 6, Plaintiffs' counsel advised defense counsel that he did not have those key documents but had renewed his request to obtain them. On September 8, 2017, defense counsel suggested in a voice mail that the parties exchange the documents they did have and that Plaintiffs' counsel agree to produce the complete Umpqua Bank file upon his receipt without need for formal discovery. On Monday, September 11, Plaintiffs' counsel agreed to the proposal, and requested that the defense stipulate to extend the deadlines for the meet and confer/document exchange, the filing of the First Amended Complaint and the CMC. Plaintiffs' counsel also represented that he expected to have the Umpqua file by the third week of September.

Plaintiff's counsel represents that, in late August 2017, upon learning about the lack of response, plaintiffs' counsel's office renewed efforts to obtain Umpqua's records. Ultimately, Umpqua responded in early September 2017 that it would be providing records by the second or third week of September.

Umpqua's records are relevant to the amended complaint in that Plaintiffs contend Umpqua maintained an impound account and further contend that Umpqua made payments to one or the other of the Defendants for insurance on the property lost in the fire. Defendant QBE Insurance Corporation alleges that it sent cancellation notices to both the Plaintiffs and to Umpqua before the Valley Fire in Lake County. The Plaintiffs allege that they never received the cancellation notice and that Umpqua continued impounding money for the property insurance. Further, according to Plaintiffs, it was not until after the Valley

Fire loss that Umpqua took steps to obtain replacement insurance raising the issue as to whether Umpqua received the cancellation notice defendant alleges it sent.

Complicating matters on Plaintiffs' side is the fact that Plaintiffs' counsel's assistant for the last six years left in July 2017 to work for her husband. Since that time, Plaintiffs' counsel has had three replacements, two of whom did not work out. The flux created by the loss of Plaintiffs' counsel's assistant contributed to the delay in obtaining the records.

As set forth above, on September 11, 2017, Plaintiffs' counsel agreed to the defense's September 8 proposal, to wit that each side would exchange documents in their possession and Plaintiffs' counsel would provide the Umpqua records upon his receipt.

Because of the delay in securing the Umpqua file and exchanging information, both of which are necessary to meaningfully meet and confer and consider how to amend the complaint, Plaintiffs have not filed their First Amended Complaint. Plaintiffs' counsel believes that information in the Umpqua file is necessary for amending the complaint.

Therefore, it is requested that the deadline to exchange documents, including the Umpqua records, be continued to September 22, 2017, the deadline for Plaintiffs to file a First Amended Complaint be continued to October 2, 2017 and the CMC be continued to a date convenient to the Court roughly 45 days later. Defendants' responsive pleadings will be filed pursuant to the Federal Rules of Civil Procedure.

IT IS SO STIPULATED.

DATED: September 12, 2017			LAW OFFICES OF ETHAN A. GLAUBIGER


					By: _____
					Ethan A. Glaubiger
					Attorneys for Plaintiffs LEAH ANN
					HERNANDEZ AND RAMON HERNANDEZ


DATED: September 12, 2017			LEWIS BRISBOIS BISGAARD & SMITH LLP


					By: *Jerry Garcia*
					Rebecca R. Weinreich
					Jerry Garcia
					Attorneys for Defendants QBE INSURANCE
					CORPORATION, QBE AMERICAS, INC.

**[~~PROPOSED~~] ORDER**

In accordance with the above stipulation, and for good cause shown, it is hereby ordered that plaintiffs shall have leave to file an amended complaint on or before October 2, 2017. Responsive pleadings shall be filed ~~not later than _____~~, 2017. *pursuant to FRCP.*

The case management conference shall be continued to __11/21__, 2017 at __10:30__ a.m./~~p.m.~~



_____
Hon. Edward M. Chen
Judge of the United States District
Court, Northern District of California

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen